UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. TERRY,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA SUPREME COURT,<br><br>    Respondent. | No. 2:18-cv-0053 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner at Valley State Prison in Chowchilla who is attempting to challenge his 1999 judgment and sentencing in the El Dorado County Superior Court for the sexual abuse of two minors. Petitioner has filed a pro se petition for writ of mandamus in this court, in which he seeks an order compelling the California courts to convene an evidentiary hearing that includes re-testing of the DNA evidence. Petitioner has neither paid the filing fee for this action nor requested leave to proceed in forma pauperis. Nevertheless, because it is clear that this court has no jurisdiction over this matter, the undersigned recommends that this action be dismissed.[1]

////

---

[1] This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

1

Review of the petition and exhibits, and the case information available through the website for the California Courts,[2] demonstrates that on August 16, 2017, petitioner filed in the California Supreme Court a "Petition for Motion of Order Commanding the El Dorado County Superior Court to Grant the Penal Code Section 1405 Motion [for DNA testing] and Appoint Counsel in Furtherance of Justice" (Cal. S. Ct. Case No. S243826). On September 6, 2017, the California Supreme Court transferred the petition to the California Court of Appeal, Third Appellate District, with instructions that it be dismissed if "substantially identical to a prior petition." The petition was filed in the Court of Appeal on September 8, 2017, and denied on September 15, 2017 (Cal. App. Ct. Case No. C085485).

The undersigned finds that this action, which asks the federal court to override the decisions of the California courts, is barred by the Rooker-Feldman doctrine. As summarized by the Ninth Circuit Court of Appeals in Cooper v. Ramos, 704 F.3d 772, 777-78 (9th Cir. 2012):

> The Rooker–Feldman doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts. Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments. Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam). Accordingly, "[r]eview of such judgments may be had only in [the Supreme] Court." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the "de facto equivalent" of such an appeal. Noel v. Hall, 341 F.3d 1148, 1155 (9th Cir. 2003).
>
> To determine whether an action functions as a de facto appeal, we "pay close attention to the relief sought by the federal-court plaintiff." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003) (citation and internal quotation marks omitted). "It is a forbidden de facto appeal under Rooker–Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163; see also Skinner v. Switzer, [562 U.S. 521, 532], 131 S. Ct. 1289, 1297 (2011) (emphasizing that the Rooker–Feldman doctrine is limited to cases "brought by state-court losers ... inviting district court review and rejection of

---

[2] See http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

the state court's judgments") (citation, internal quotation marks and alteration omitted).

In the present case, petitioner seeks an "order of mandate" that "compel[s] full discovery, an evidentiary hearing, biological DNA testing of evidence suppressed, full disclosure of all biological and DNA evidence discovered, taken, collected and unidentified."  ECF No. 1 at 1. Because petitioner is seeking the same relief denied him by the state courts, without any independent basis for federal jurisdiction over this matter, it is the "de facto equivalent" of an appeal from state court judgments, Noel, 341 F.3d at 1155, and is therefore barred by the Rooker-Feldman doctrine.  Accord, Gallegos v. Licalsi, 2017 WL 931828, at *4, 2017 U.S. Dist. LEXIS 33355, at *10 (E.D. Cal. Mar. 8, 2017) (Case No. 1:15-CV-01304 EPG) ("Because Plaintiff is seeking relief from the judgement of state courts denying his request for DNA testing, it is barred by the Rooker-Feldman doctrine and this court lacks subject matter jurisdiction.").

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3